UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                    Case No:   8:25-cr-00498-JLB-AEP-1

GEORGE RUSSELL ISBELL, JR.,

      Defendant.

_____/

## **ORDER**

This cause comes before the Court on the Defendant, George Russell Isbell, Jr.'s, Motion to Dismiss Indictment.  (Doc. 38).  For the reasons stated below, the Motion is **DENIED**.

## **BACKGROUND**

The Indictment filed by the United States brings two charges against Defendant for knowingly communicating a threat to injure the person of another (count one) pursuant to 18 U.S.C. § 875(c) and knowingly mailing a communication containing a true threat to another pursuant to 18 U.S.C. § 876(c).  (Doc. 1 at 1–2).  The indictment alleges that Defendant transmitted and caused to be delivered a communication addressed to the victim that contained a threat to injure the victim "with the intent to communicate a true threat of violence, and with recklessness as to whether the communication would be viewed as a true threat of violence."  (*Id.*).

These charges stem from Defendant's mailing of a threatening letter to the victim, a media personality.  (Doc. 1; Doc. 38 at 4; Doc. 40 at 1–2).  The contents of

the letter included the following language:

> My uncle drowned in the Rhine River to defeat fascists like you and I will not let his death be in vane (sic).  The saddest part of your drivel is your contamination of naïve minds. <u>Maybe someone will blow your head off!!!</u> We can hope! Planning any public engagements? Love to see your head explode and your blood stain the concrete red. What a sight!

(Doc. 38 at 5; Doc. 40 at 5) (emphasis in original).

Defendant moves to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b)(3)(B), arguing that the Indictment fails to state an offense.  (Doc. 38 at 1–2).  The United States responds in opposition.  (Doc. 40).

## LEGAL STANDARD

Federal Rule of Criminal Procedure 12(b)(3)(B) permits counsel to move for dismissal on the basis that there is a defect in the indictment.  "An indictment is sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense." *United States v. Steele*, 178 F.3d 1230, 1233–34 (11th Cir. 1999) (internal quotation marks omitted).  "In ruling on a motion to dismiss for failure to state an offense, a district court is limited to reviewing the *face* of the indictment and, more specifically, the *language used* to charge the crimes." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006) (emphasis in original).  "It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.'" *Id.* (alteration in original) (quoting *United States v. Torkington*, 812 F.2d

2

1347, 1354 (11th Cir. 1987)).  Thus, dismissal is appropriate only when "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] [in]sufficient to charge the offense as a matter of law."  *See Torkington*, 812 F.2d at 1354.

## DISCUSSION

Defendant argues that the Indictment does not allege that he acted with knowledge, intent, or at least recklessness, and therefore does not allege the *mens rea* required for the crimes charged.  (Doc. 38 at 7–8) (citing *Counterman v. Colorado*, 600 U.S. 66, 69–71, 75–80 (2023)).  Specifically, Defendant contends that the indictment alleges only that he transmitted a written letter through the United States Mail containing a threat.  (*Id.* at 8).  The Court disagrees.  In *Counterman*, the Supreme Court held that the "recklessness standard is enough."  *Counterman*, 600 U.S. at 73.  "In the threats context, it means that a speaker is aware 'that others could regard his statements as' threatening violence and 'delivers them anyway.'"  *Id.* at 79 (quoting *Elonis v. United States*, 575 U.S. 723, 746 (2015) (Alito, J., concurring in part and dissenting in part)).  Here, both counts charged in the indictment specify that Defendant acted with "recklessness as to whether the communication would be viewed as a true threat of violence."  (Doc. 1 at 1–2).

Defendant also argues that the language used in the letter does not constitute a true threat.  (Doc. 38 at 9–12).  "While the Eleventh Circuit has not directly addressed whether a true threat can be decided on a motion to dismiss, its dicta and district courts in this Circuit indicate that this question is better suited

3

for trial." *United States v. Biddle*, No. 6:25-CR-162-RBD-DCI, 2025 WL 2936417, at *2 (M.D. Fla. Oct. 9, 2025) (citing *United States v. Alaboud*, 347 F.3d 1293, 1297 (11th Cir. 2003), *overruled on other grounds by United States v. Martinez*, 800 F.3d 1293, 1295 (11th Cir. 2015); *United States v. Abbott*, No. 24-CR-20098, 2025 WL 1744360, at *2 (S.D. Fla. June 24, 2025); *United States v. Hussaini*, No. 19-60387-CR, 2022 WL 138474, at *5 (S.D. Fla. Jan. 14, 2022)).  Indeed, "a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial." *Torkington*, 812 F.2d at 1354.

To be a "true threat," "[t]he speaker need not actually intend to carry out the threat.  Rather, a prohibition on true threats protect[s] individuals from the fear of violence and from the disruption that fear engenders, in addition to protecting people from the possibility that the threatened violence will occur." *Virginia v. Black*, 538 U.S. 343, 359–60 (2003) (second alteration in original) (internal quotation marks omitted).  Here, Defendant wrote: "My uncle drowned in the Rhine River to defeat fascists like you and I will not let his death be in vane (sic)."  (Doc. 38 at 5).  Defendant went on, writing "<u>Maybe someone will blow your head off!!</u> We can hope! Planning any public engagements?"  (*Id.*) (emphasis in original).  Defendant argues that, because he also wrote, "Don't worry - won't be me" after writing "[y]ou all need to be exterminated" earlier in the letter, the letter no longer constitutes a true threat.  (*Id.* at 6).  At this stage, reading the factual allegations in the light most favorable to the government, the Court finds that a reasonable person could understand the statements as threats.  *See Torkington*, 812 F.2d at

4

1354.

Moreover, Defendant fails to cite any cases where the true threat question was decided on a motion to dismiss the indictment. (Doc. 38 at 10–11) (citing *Watts v. United States*, 394 U.S. 705, 708 (1969) (reversing denial of a motion for judgment of acquittal); *United States v. Bagdasarian*, 652 F.3d 1113, 1122 (9th Cir. 2011) (reversing the jury's conviction of defendant); *United States v. White*, 670 F.3d 498, 508–09 (4th Cir. 2012) (upholding the jury's conviction and affirming the district court's judgment of acquittal as to other counts); *United States v. Franks*, No. 24-11546, 2025 WL 2732412, at *1 (11th Cir. Sept. 25, 2025) (affirming the district court's judgment of acquittal)).

## CONCLUSION

Accordingly, Defendants' Motion to Dismiss the Indictment (Doc. 38) is **DENIED**.

**ORDERED** in Tampa, Florida, on May 1, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE